## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

AARON C. YOUNG,          )
                             )
          Petitioner,    )
                             )
    vs.                 )          2:12-cv-209-WTL-MJD
                             )
STANLEY KNIGHT,       )
                             )
          Respondent.    )

### Entry Discussing Petition for Writ of Habeas Corpus

This is an action in which Aaron Young seeks a writ of habeas corpus challenging the validity of a prison disciplinary proceeding identified as No. ISF 12-03-314. In that proceeding, Young was found guilty of committing battery without a weapon.

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* Because petitioner Young fails to show that this is the case with respect to the challenged disciplinary proceeding, his petition for a writ of habeas corpus must be **denied** and this action dismissed.

The evidence favorable to the decision of the hearing officer, *see Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court Awill overturn the . . . [conduct board=s] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994), is the following: On March 19, 2012, Young was in the recreation building poolroom at the Putnamville Correctional Facility. At that date and place, Young was playing pool with Larry Helton. Young became upset and struck Helton in the face.

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due

process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and ʌsome evidence in the record⊚ to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Under *Wolff* and *Hill,* Young received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Young was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of its findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed.

Young's claims that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Young to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 11/27/2012
_____

_William T. Lawrence_ (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

AARON C. YOUNG
942955
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Janine Steck Huffman
janine.huffman@atg.in.gov